IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

MARSH MAINES,                      )   CASE NO. 5:12CV00127

                             )

            Plaintiff,         )

v.                              )   ORDER

                             )

BANA, et. al.,                  )

                             )

           Defendants.      )   By:  Hon. Michael F. Urbanski

                             )        United States District Judge

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 29 2013

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

On December 13, 2012, plaintiff was granted leave to proceed *in forma pauperis* and removed this action to quiet title to this court from the Circuit Court of Frederick County Virginia. (Dkt. Nos. 1-3.) In conjunction with her effort to remove the action, and without leave of court, plaintiff added the Virginia State Bar and the Circuit Court of Frederick County ("State parties"). (Dkt. No. 3.) On January 10, 2013, defendant BANA[1] moved the court to remand the case on the basis that removal had been improvident because: 1) plaintiff may not remove her own state court action to federal court; 2) the removal petition was untimely filed; and 3) plaintiff has manifested an intent to litigate in state court. (Dkt. Nos. 7; 8, at 5-8.) On January 24, 2013, the State parties moved to dismiss asserting that: 1) they are not properly before the court, having simply been added by plaintiff without leave to amend her complaint or otherwise properly join them in this case; 2) the Circuit Court, and its judges, enjoy absolute immunity on any claim plaintiff could assert; and 3) plaintiff has failed to state any plausible claims against them upon which relief could be granted. (Dkt. Nos. 18; 19, at 3-7.)

---

[1] The defendant offers that it has been misnamed as "BANA" and suggests that its proper name is Bank of America, N.A. (Dkt. No. 8, at 1.) Any correction of a misnomer may be addressed by the Circuit Court of Frederick County upon remand.

Federal courts are courts of limited subject matter jurisdiction, and the removal statutes under which plaintiff has attempted to invoke jurisdiction, 28 U.S.C. § 1441, *et seq.*, will be strictly construed. *U.S. v. Pate*, No. 7:01cv00164, 2002 WL 47900, at *1 (W.D.Va. January 12, 2002) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109 (1941)). Moreover, it is clear that only defendants may remove cases to federal court. 28 U.S.C. § 1441(a); *Chicago R.I & P.R. Co. v. Stude*, 346 U.S. 574, 580 (1954). Here, the plaintiff attempted to remove her own case from the state forum where she instituted suit in the first instance on February 10, 2012, and then only after the state trial court had ruled partially adverse to her on the defendants' demurrers (motions to dismiss). (Dkt. Nos. 3-5, at 1-5; 8-1.)

Finding that this action was improvidently removed, and that the court is without subject matter jurisdiction because jurisdiction was not properly invoked under 28 U.S.C. § 1441 *et. seq.*, it is

ORDERED

that this action be REMANDED to the Circuit Court of Frederick County, Virginia, and DISMISSED from the docket of this court.[2]

The Clerk hereby is DIRECTED to transmit a copy of this Order to all counsel of record and to the plaintiff at her last known mailing address.

ENTERED:      /s/ Michael F. Urbanski
_____
U.S. District Judge

/ — 28 — 2013
_____
Date

---

[2]Because there is no subject matter jurisdiction, this court declines to determine the merits of the State parties' motion to dismiss.

2