IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| MARSHA MAINES, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 5:12cv127 |
| | ) | |
| v. | ) | |
| | ) | |
| BANA, et al., | ) | By: Hon. Michael F. Urbanski |
| | ) | United States District Judge |
| Defendant. | ) | |

## ORDER

Before the court is pro se plaintiff's post-judgment motion entitled **"Plaintiff Statement of Fact Supporting Removal Back to Federal Jurisdiction For Cause and Affidavit in Support of Summary Judgement For Plaintiff's Costs"** seeking, inter alia, to remove her case to federal court a second time. (Dkt. No. 24.) The Court is required to construe pro se documents liberally, and such documents are held to a less stringent standard than those drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Thus, the court will construe the pending motion as a motion to reconsider filed under both Rule 59(e) and Rule 60(b) of the Federal Rules of Civil Procedure.

The Fourth Circuit has stated "that a motion filed under both Rule 59(e) and Rule 60(b) should be analyzed only under Rule 59(e) if it was filed no later than [28][1] days after entry of the adverse judgment and seeks to correct that judgment." Robinson v. Wix Filtration Corp., 599 F.3d 403, 412 (4th Cir. 2010). On December 13, 2012, plaintiff was granted leave to proceed in forma pauperis and removed her own action to quiet title to this court from the Circuit Court of Frederick County. On January 29, 2013, this court dismissed this case for lack of subject matter

---

[1] In December 2009, after the filing of the motion before the court in Robinson, Rule 59(e) was amended to extend the relevant time period from ten days to twenty-eight days.

jurisdiction because plaintiff, having removed her own action to federal court, had failed to properly invoke jurisdiction under 28 U.S.C. § 1441 et seq. Having filed her motion within 28 days of this court's order, this motion is construed as a motion filed pursuant to Rule 59(e).

It appears from plaintiff's most recent submission that she has concerns dating back many years regarding actions of various unnamed members of the Virginia State Bar and complains that the state court did not properly award her costs in a quiet title action. Plaintiff's motion does not address the concerns of the court as laid out in the order of dismissal. A federal court is a court of limited jurisdiction, and cannot decide a case which lacks a proper jurisdictional foundation. Indeed, nothing in plaintiff's motion indicates that this case was properly removed from state court or that this court has subject matter jurisdiction to hear her case. If plaintiff has concerns regarding actions of various members of the Virginia State Bar, her remedy is to seek disciplinary review with the Virginia State Bar or bring an action in a court having proper jurisdiction. As to plaintiff's concerns over the state court's failure to award her costs, her remedy is to seek appellate review within the state court system, rather than bring an action in federal court for which subject matter jurisdiction does not exist.

Accordingly, it is hereby **ORDERED** that plaintiff's post judgment motion (Dkt. No. 24) is **DENIED.**

The Clerk is directed to send a copy of this Order to all counsel of record and plaintiff proceeding pro se.

Entered: January 31, 2013

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge